**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000019
28-NOV-2025
08:02 AM
Dkt. 78 SO**

NO. CAAP-23-0000019

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GLENN K.C. HO AND OHK SOOK HO, CO-TRUSTEES OF THE GLENN K.C. HO
REVOCABLE LIVING TRUST DATED APRIL 4, 2003 AND THE OHK SOOK HO
REVOCABLE LIVING TRUST DATED APRIL 4, 2003, Plaintiffs-Appellees,
v.
LAW OFFICES OF CRAIG K. FURUSHO; CRAIG K. FURUSHO, ESQ.,
Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-20-0001145)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendants-Appellants Law Offices of Craig K. Furusho
and Craig K. Furusho, Esq., (collectively, **Furusho**) appeal from
the October 31, 2022 Order Denying [Furusho's] Motion to Set
Aside Entry of Default and Default Final Judgment [(**Motion to Set
Aside**)] (**Order Denying Set Aside**) and the January 4, 2023 Order
Denying [Furusho's] Motion For a New Trial and For
Reconsideration of [Order Denying Set Aside] (**Order Denying
Reconsideration**), entered in favor of Plaintiffs-Appellees
Glenn K.C. Ho and Ohk Sook Ho, Co-Trustees of the Glenn K.C. Ho
Revocable Living Trust Dated April 4, 2003 and the Ohk Sook Ho

Revocable Living Trust Dated April 4, 2003 (collectively, the **Hos**) by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Furusho raises three points of error on appeal, contending that the Circuit Court erred in: (1) finding that Furusho did not have a meritorious defense; (2) finding no good cause to set aside the default; and (3) denying Furusho's motion for reconsideration.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Furusho's points of error as follows:

The crux of this appeal is whether the default judgment and default entered against Furusho should be set aside, so that he can defend this legal malpractice suit on the merits.

A party moving to set aside a default judgment must show three things: (1) the nondefaulting party will not be prejudiced by the reopening; (2) the defaulting party has a meritorious defense; and (3) the default was not the result of inexcusable neglect, or a wilful act. Chen v. Mah, 146 Hawaiʻi 157, 160, 457 P.3d 796, 799 (2020). Each of these factors is grounded in equity principles, and a merits-oriented outcome is favored over preserving the finality of a judgment. See JK v. DK, 153 Hawaiʻi 268, 274-75, 533 P.3d 1215, 1221-22 (2023).

Regarding the issue of prejudice to the Hos, the Circuit Court pointed to the underlying case, New Bangkok v. Ho, Civ. No. 1CC181001575, wherein a default judgment was entered

---

[1] The Honorable Lisa W. Cataldo presided.

against the Hos (the **New Bangkok Case**).  It is unclear how allowing Furusho to defend the Hos' claims that he should be held entirely responsible for the default judgment would prejudice the Hos, and they point to no specific prejudice associated with proceeding on the merits.  In addition, we take judicial notice of this court's Summary Disposition Order in <u>New Bangkok v. Ho</u>, CAAP-19-0000506 and CAAP-19-000822, wherein this court vacated the default judgment against the Hos.  Upon remand, no further judgment has been entered against the Hos to date in the New Bangkok Case.  On July 24, 2024, the Hos filed an answer and counterclaim in the New Bangkok Case.  On July 25, 2024, the parties filed a joint stipulation to pursue settlement and no further substantive action appears in the record of the New Bangkok Case.

Regarding the issue of a meritorious defense, Furusho's primary contention is that he was never engaged as counsel in the New Bangkok Case.  Even assuming that the Hos ultimately might prevail on this argument notwithstanding the lack of any engagement agreement between Furusho and the Hos, in light of the fact that the default judgment against the Hos has been vacated and that the Hos have filed an answer and counterclaim, at the very least, it appears that Furusho has a meritorious defense to the extensive money damages awarded to the Hos in the default judgment entered in this case, which was based solely on the now-defunct default judgment in the New Bangkok Case.

Regarding the issue of inexcusable neglect, Furusho's main contentions pertain to notice and service on him in this case, starting with the complaint and summons.  The Hos' lawyer

averred that she mailed the complaint and summons to Furusho by certified mail and he signed for the envelope on some unspecified date. This was not proper service under Rule 4 of the Hawaiʻi Rules of Civil Procedure (**HRCP**). While Furusho later acknowledged signing for certified mail of some sort, he does not recall it being a complaint and summons, he did not waive this defective service or enter a general appearance until, perhaps, the filing of the Motion to Set Aside.[2] See generally HRCP Rule 12(h)(1). Furusho further points to the fact that subsequent discovery and motions, including the Hos' motion for entry of default were "served" on him at a downtown Honolulu address that Furusho averred that he vacated in May of 2016, and not at the new address that he provided to the Hawaiʻi Supreme Court and Hawaii State Bar Association (and appearing in the bar directory).[3] After Furusho received electronic notification of the motion for entry of default judgment on May 18, 2021, he took steps to engage counsel who agreed to represent him, but that attorney was apparently gravely ill at the time, unbeknownst to Furusho, and died on July 5, 2021. Furusho offers further explanation of numerous events and circumstances occurring thereafter, which are thin grounds for not acting sooner to seek to set aside the default judgment. However, particularly in light of the lack of proper service of process, the record does

[2] We express no opinion as to whether the filing of the Motion to Set Aside waived the defense of insufficiency of service of process.

[3] Furusho denies registering as a JEFS User, denies authorizing someone to register him on his behalf, and denies even knowing that he was so registered until he received a JEFS email notification of the motion for entry of default judgment against him on May 18, 2021. We note, however, that as a licensed Hawaiʻi attorney, unless exempted, Furusho was required to register as a JEFS User. See Hawaiʻi Electronic Filing & Service Rules Rule 4.1(a).

not support a conclusion that Furusho's default itself was a result of inexcusable neglect.

Based on the above, and in light of the overarching equitable principles applicable here, and the merits-oriented outcome favored in Hawaiʻi courts, we conclude that Furusho should be granted relief from the default and default judgment entered against him.

Accordingly, the Circuit Court's October 31, 2022 Order Denying Set Aside and January 4, 2023 Order Denying Reconsideration are vacated. This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, November 28, 2025.

On the briefs:

Mark S. Kawata,
for Defendants-Appellants.

John Rhee
(Dentons US LLP),
for Plaintiffs-Appellees.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge